UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 20-057-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN MICHAEL ESSEX, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant John Essex has filed a motion "for separate trials on the alleged offenses that occurred on July 7, 2019 and on July 30, 2019."[1]  [Record No. 72]  The motion will be denied because the counts are properly joined under Rule 8(a) and the defendant has not identified any basis for relief under Rule 14 of the Federal Rules of Criminal Procedure.

The indictment charges Essex with the following offenses:  possessing with the intent to distribute 50 grams or more of actual methamphetamine (Count 1); possessing with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of heroin (Count 2); possessing a firearm while knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year (Count 3); and possessing with the intent to distribute 50 grams or more of actual methamphetamine (Count 4).  Counts 1, 2 and 3 are alleged to have occurred on or about July 7, 2019.  Count 4 is alleged

---

[1]   Essex alternately styles his request as one for separate trials on Counts 1 and 2.  Based on his description of the charges, he appears to mistakenly refer to Count 4 as Count 2.

to have occurred on or about July 30, 2019. All of the events are alleged to have occurred in Mercer County, within the Eastern District of Kentucky.

Essex argues that the conduct alleged in Count 4 is "not similar" to the conduct alleged in Count 1 and "do[es] not indicate a pattern or common scheme." [Record No. 72-2, p. 3] He also contends that, "[t]o conduct a joint trial for 'both offenses' at the same time will have the cumulative [e]ffect of making the jury believe that all act is connected [sic]. Further, it will have the effect of making the jury believe that guilt of one offense is good enough for a finding of guilt on both charges." *Id.* at 3-4.

Rule 8(a) of the Federal Rules of Criminal Procedure provides as follows:

> [t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The conduct charged in Count 4 is clearly of a similar character to that charged in Count 1. In fact, it is identical except for the date on which the conduct is alleged to have occurred. Joinder of offenses that are of the same or similar character but unrelated is "explicitly permitted" under Rule 8(a). *United States v. Chavis*, 296 F.3d 450, 460-61 (6th Cir. 2002) (citing *United States v. Reynolds*, 489 F.2d 4 (6th Cir. 1973)). *See also United States v. Bibby*, 752 F.2d 1116, 1121 (6th Cir. 1985) ("The joinder provisions of Rule 8(a) are more liberal that those of 8(b) because they allow inclusion of offenses of the 'same or similar character' as well as those arising from the same act or transaction or a common scheme.").

"The spirit of Rule 8(a) . . . is to promote the goals of trial convenience and judicial economy." *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001). Here, even if Counts 1 and 4 require the presentation of different evidence, time and resources will be saved if only

one jury is selected.  *See United States v. Mullen*, 550 F.2d 373, 375  (6th Cir. 1977) (Engle, J, concurring, in part, and dissenting, in part).

However, a defendant may obtain relief from prejudicial joinder under Rule 14(a) of the Federal Rules of Criminal Procedure.  The rule provides that, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Essex requests severance of Count 4, making the conclusory argument that the jury will not be able to consider the evidence separately with respect to the individual charges.

Essex bears the burden of showing sufficient prejudice to warrant severance, and "this high burden cannot be met though conclusory statements of potential prejudice."  *See United States v. Helms*, 2019 WL 4143298, at *1 (W.D. Ky. Aug. 30, 2019).  Multiple counts are routinely tried jointly in a single trial.  And to the extent certain evidence should not be considered with respect to a particular count, the parties may request limiting instructions.  *See Zafiro v. United States*, 506 U.S. 534, 539 (1993) (separate trials may not be necessary when a less drastic measure will cure potential prejudice).  *See also United States v. Harvey*, 653 F.3d 388, 396 (6th Cir. 2011) (noting that "[j]urors are presumed to follow instructions").  The defendant has not identified any specific trial right that is likely to be compromised or explained why measures less drastic than severance are insufficient to cure potential prejudice.

Accordingly, it is hereby

**ORDERED** that the defendant's motion for separate trials [Record No. 72] **DENIED**.

- 4 -

Dated: March 2, 2021.

*Danny C. Reeves, Chief Judge*
United States District Court
Eastern District of Kentucky